JOSHUA E. KIRSCH (179110)
SEAN D. ROSS (351924)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:  (415) 348-6000
Facsimile:  (415) 348-6001
Email:       jkirsch@gibsonrobb.com
             sross@gibsonrobb.com

Attorneys for Plaintiff
ZURICH AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of "a/s/o" California Metal X,<br><br>Plaintiff,<br><br>v.<br><br>TFORCE WORLDWIDE, INC.; and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02925<br><br>**COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)**<br><br>1. **Carmack Amendment Liability**<br>2. **Breach of Contract**<br>3. **Negligence** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)
Case No. 2:26-cv-02925; Our File No. 5505.14

Plaintiff ZURICH AMERICAN INSURANCE COMPANY, a/s/o California Metal X ("ZURICH"), by and through its undersigned counsel, hereby brings this Complaint against the above-named Defendants, and each of them, and alleges the following upon information and belief:

## JURISDICTION AND VENUE

1.      ZURICH is, and at all material times was, a corporation duly organized and existing under New York law with a principal place of business located at 4 World Trade Center, New York, NY 10007, and the insurer of a cargo of bronze ingots ("the Cargo" or "Cargo") owned by California Metal X ("CMX").

2.      Defendant TFORCE WORLDWIDE, INC ("TFORCE") is, and at all material times was, a corporation duly organized and existing under Illinois law with a principal place of business located at 1000 Wyndham Parkway, Bolingbrook, IL 60490, and engaged in the business of freight forwarding and freight brokerage.

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between ZURICH (a citizen of New York) and TFORCE (a citizen of Illinois), and the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs).

4.      This Court also has subject matter jurisdiction under both 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a) because this Complaint brings a claim for relief for loss of cargo under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and the amount in controversy exceeds the sum or value of $10,000 (exclusive of interest and costs).

5.      This Court has specific personal jurisdiction over TFORCE because TFORCE, by virtue of purposefully conducting freight forwarding or freight brokerage services within California, has sufficient minimum contacts with California (which this action arises out of or relates to) such that this Court's exercise of jurisdiction over TFORCE would not offend traditional notions of fair play and substantial justice.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district; venue is also proper in this judicial district under 49 U.S.C. § 14706(d) because TFORCE conducts freight forwarding operations within this judicial district and the loss of the Cargo occurred within this judicial district.

## GENERAL ALLEGATIONS

7.      On or about October 10, 2024, TFORCE entered into a contract with CMX under which TFORCE agreed, in exchange for good and valuable consideration (a sum of money), to arrange for the Cargo to be transported by motor truck from 366 E. 58th Street, Los Angeles, CA 90011 to 6410 S. 33rd Street, McAllen, TX 78503, and there delivered in the same good order and condition as when received; as an express or implied term of the aforesaid contract of carriage, TFORCE was bound to tender the carriage of the Cargo to a legitimate motor carrier duly licensed by the federal government to perform interstate motor carriage.

8.      TFORCE thereafter solicited bids for the contract of carriage on the DAT public load board, and ultimately awarded the contract of carriage to an individual purporting to be an employee or agent of the motor carrier Global Spedition, whose verified, legitimate contact information (including email address and phone number) was already in TFORCE's carrier monitoring system.

9.      The individual purporting to be an employee or argent of Global Spedition did not correspond with TFORCE from the verified, legitimate email address that TFORCE had on file for Global Spedition, "dispatch@globalspedition.net"; rather, the email correspondence came from the email address "transgloba00@gmail.com".

10.      Despite the aforesaid email communications to TFORCE being sent from an email address that did not even share a domain name with the verified email address TFORCE had on file for Global Spedition, and despite TFORCE's own

COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)
Case No. 2:26-cv-02925; Our File No. 5505.14

3

policies and procedures requiring that every carrier seeking a load from TFORCE must be verified by TFORCE's compliance department even if already active in TFORCE's monitoring system, and despite TFORCE's own policies and procedures requiring all loads it tenders to be tendered only through its monitoring system, and despite TFORCE's own policies and procedures requiring that no carrier be given any loads without TFORCE first calling a verified phone number for the carrier and confirming the employment of the person seeking the load, TFORCE tendered the carriage of the cargo through email rather than through its system, without verifying the email address of the individual it was corresponding with, and without calling Global Spedition to confirm that said individual was an employee or agent of Global Spedition.

11.     Unsurprisingly, the individual to whom TFORCE awarded the contract of carriage (without following its own policies and procedures) was not an employee or agent of Global Spedition, but rather an imposter masquerading as an employee or agent of Global Spedition.

12.     Thereafter, the imposter used proprietary load documents provided by TFORCE to direct a third-party motor carrier to arrive at the pickup location, check in under Global Spedition's name, and take possession of the cargo on behalf of the imposter.

13.     After being loaded onto the third-party motor carrier's truck, the Cargo was thereafter carried away to a warehouse in Gardena, CA, before being transloaded onto another truck and carried away to an unknown location; the Cargo was never delivered to its intended destination and was lost in its entirety.

14.     The loss of the Cargo caused CMX to incur damages in the amount of $170,749.58.60, the commercial invoice value of the Cargo.

15.     Prior to the shipment of the Cargo and prior to any loss thereto, ZURICH issued a policy of insurance whereby ZURICH agreed to indemnify the owner of said Cargo, CMX, and its assigns, against loss of or damage to said Cargo

COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)

while in transit, including mitigation expenses, and ZURICH therefore became obligated to pay, and has paid, to the person entitled to payment under said policy, CMX, after application of the policy deductible, the sum of $162,824.54, on account of the loss of the Cargo; CMX's claims for relief arising out of the loss of the Cargo are thus equitably subrogated to ZURICH to the extent of the amount paid by ZURICH to CMX under the aforesaid policy of insurance on account of the loss of the Cargo.

16.    The true names and/or capacities DOE ONE through DOE TEN, whether individual, corporate, associate, or otherwise, are unknown to ZURICH at the time this complaint was filed.  ZURICH, therefore, sues said defendants by fictitious names and will ask leave of court to amend this Complaint to show the true names and/or capacities of said defendants when the same have been ascertained.  Each of the DOE defendants is responsible, in some manner, for the events and happenings set forth herein and proximately caused injury and damages to ZURICH as herein alleged.  All allegations contained in this Complaint against TFORCE shall be construed as allegations against each and all of the DOE defendants.

**FIRST CLAIM FOR RELIEF**

**<u>Carmack Amendment Liability against TFORCE</u>**

17.    ZURICH realleges and incorporates by reference all allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.    TFORCE is licensed by the Federal Motor Carrier Safety Administration (FMCSA) as a freight forwarder and conducts its freight forwarding operations under FF no. 10973.

19.    On October 10, 2024, TFORCE agreed, in its capacity as a freight forwarder, to arrange for the Cargo to be transported by motor truck from 366 E. 58th Street, Los Angeles, CA 90011 to 6410 S. 33rd Street, McAllen, TX 78503 and accepted responsibility for the performance of said transportation.

20.    TFORCE therefore holds itself out to the public as a freight forwarder, and acted as a freight forwarder with respect to the Cargo.

21.    The Cargo was received for carriage at the pickup location in good order and condition, and in packaging suitable for the intended carriage.

22.    The Cargo was not, however, delivered to its intended destination in the same good order, condition, and quantity as when received for carriage; instead, the Cargo was carried away to an unknown location and lost in its entirety, no part of which has been recovered.

23.    The loss of the Cargo caused ZURICH, as the equitable subrogee of CMX with respect to said loss, to incur damages in the amount of $162,824.54, no part of which has been paid despite demand therefor.

WHEREFORE, ZURICH prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### Breach of Contract against AVA

24.    ZURICH realleges and incorporates by reference all allegations contained in paragraphs 1 through 16 as if fully set forth herein.

25.    Pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, this Second Claim for Relief is expressly pled in the alternative to the First Claim for Relief in the event that this Court finds the Carmack Amendment to be inapplicable to this action.

26.    TFORCE entered into a contract with CMX under which TFORCE agreed, in exchange for good and valuable consideration (a sum of money), to arrange for the Cargo to be transported from 366 E. 58th Street, Los Angeles, CA 90011 to 6410 S. 33rd Street, McAllen, TX 78503, and there delivered in the same good order and condition as when received, by a legitimate, federally licensed motor carrier.

/ / /

/ / /

27.    TFORCE, however, did not tender the carriage of the Cargo to a legitimate, federally licensed motor carrier as agreed, but instead tendered the carriage to an imposter masquerading as a federally licensed motor carrier.

28.    As a factual and foreseeable consequence of TFORCE's breach of its contract with CMX, the Cargo was carried away to an unknown location, never delivered to its intended destination, and lost in its entirety.

29.    The loss of the Cargo caused ZURICH, as the equitable subrogee of CMX with respect to said loss, to incur damages in the amount of $162,824.54, no part of which has been paid despite demand therefor.

WHEREFORE, ZURICH prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

### Negligence against AVA

30.    ZURICH realleges and incorporates by reference all allegations contained in paragraphs 1 through 16 and 25 through 29 as if fully set forth herein.

31.    Pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, this Third Claim for Relief is expressly pled in the alternative to the First Claim for Relief in the event that this Court finds the Carmack Amendment to be inapplicable to this action.

32.    TFORCE, by virtue of its affirmative undertaking to arrange for the transportation and delivery of the Cargo, assumed a duty of ordinary and reasonable care towards the Cargo and its owner, CMX; said duty includes, but is not limited to:

    (a)    Using good professional judgment in the selection and hiring of motor carriers;

    (b)    Reviewing the licensing and safety history of any motor carrier it selected to carry the Cargo to select a safe, responsible, and reliable trucker;

/ / /

COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)
Case No. 2:26-cv-02925; Our File No. 5505.14

(c)   Ensuring that the entity to whom it tendered the carriage of the Cargo did not re-broker the carriage in violation of 49 U.S.C. § 14916;

(d)   Maintaining contingent cargo insurance with respect to the Cargo;

(e)   Brokering the carriage to a legitimate motor carrier licensed by the federal government to perform the intended carriage, rather than to imposters and/or thieves;

(f)   Providing shippers and origin warehouses with accurate instructions on which motor carrier is entitled to receive the freight; and

(g)   Other duties according to proof.

33.   TFORCE breached its duty of ordinary and reasonable care through acts and omissions which include, but are not limited to:

(a)   Tendering carriage of the Cargo to an imposter rather than an actual, federally licensed motor carrier, despite TFOCE being on notice of clear evidence that the person to whom it tendered carriage of the Cargo was not who he or she purported himself or herself to be; and

(b)   Failing to independently vet and verify the identity and carrier authority of the person to whom TFORCE tendered the Cargo, in violation of TFORCE's own policies and procedures, despite TFORCE already possessing the information necessary to perform such vetting and verification.

34.   As a factual and foreseeable result of TFORCE's breach of its duty of ordinary and reasonable care, the Cargo was never delivered to its intended destination and was lost in its entirety.

/ / /

35.    The loss of the Cargo caused ZURICH, as the equitable subrogee of CMX with respect to said loss, to incur damages in the amount of $162,824.54, no part of which has been paid despite demand therefor.

WHEREFORE, ZURICH prays that this Court enter judgment in its favor and against the Defendants; that this Court decree payment by the Defendants to ZURICH in the amount of $162,824.54, together with prejudgment interest thereon and costs of suit herein, and with post-judgment interest pursuant to 28 U.S.C. § 1961; and that ZURICH be granted such other and further relief in law and equity that it may be entitled to receive.

Respectfully submitted,

Dated: March 18, 2026            GIBSON ROBB & LINDH LLP


/s/ SEAN D. ROSS
Sean D. Ross
sross@gibsonrobb.com
Attorneys for Plaintiff
ZURICH AMERICAN INSURANCE
COMPANY

COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)
Case No. 2:26-cv-02925; Our File No. 5505.14

9